**FEDERAL DEFENDER PROGRAM, INC.**
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
SUITE 1500, CENTENNIAL TOWER
101 MARIETTA STREET, N.W.
ATLANTA, GEORGIA 30303

MILDRED DUNN
EXECUTIVE DIRECTOR

TELEPHONE
404 688-7530
800 688-7538
FAX
404-688-0768

March 19, 2024

*Via ECF and Hand Delivery*

David J. Smith, Clerk of Court
United States Court of Appeals
  for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA  30303

Re:    Supplemental Letter Brief in
       Appeal No. 24-10793

Dear Mr. Smith:

Mr. Pye submits this letter brief in answer to this Court's request for supplemental briefs addressing whether, in light of the Georgia Supreme Court's order yesterday denying discretionary review of the dismissal of his breach of contract claim, appellant Willie James Pye's claims in this action are barred by the doctrine of res judicata. *See Muhammad v. Sec'y, Fla. Dep't of Corr.*, 739 F.3d 683, 688 (11th Cir. 2014).

Mr. Pye's equal protection and due process claims in this action are not barred by res judicata because those claims could not have been adjudicated in his state-court action. Specifically, had Mr. Pye brought his constitutional claims in the state-court action, they would have been barred by sovereign immunity—meaning the state court would not have had jurisdiction to consider those claims. *Aquatherm Indus., Inc. v. Fla. Power & Light Co.*, 84 F.3d 1388, 1392 (11th Cir. 1996) ("It is well-established that the general rule against splitting causes of action does not apply when suit is brought in a court that does not have jurisdiction over all of a plaintiff's claims.") (citing Restatement of Judgments (Second) § 25 cmt. e (1982)). In fact, if

Mr. Pye had asserted his equal protection and due process claims in the state court action, then Georgia law would have required that the entire case—including the breach-of-contract claim for which the State did waive sovereign immunity—be dismissed.

"The purpose of the [res judicata] doctrine is to prevent the re-litigation of claims which have already been adjudicated, or ***which could have been adjudicated***, between identical parties or their privies in identical causes of action." *Crowe v. Elder*, 290 Ga. 686, 688 (2012). As under Georgia law, res judicata applies only to matters that were within the jurisdiction of the court or administrative body that rendered judgment. *Woods v. Delta Air Lines, Inc.,* 237 Ga. 332, 332 (1976) ("We hold that the doctrines of res judicata and estoppel by judgment are applicable to awards of the State Board of Workmen's Compensation on all questions of fact in matters in which it has jurisdiction."); *Cantrell v. Home Sec. Life Ins. Co.*, 165 Ga. App. 670, 670 (1983) (holding that claim for medical benefits was not barred by res judicata because "[t]he Board had no jurisdiction over the cause of action asserted herein"); *see also Gorin v. Osborne*, 756 F.2d 834, 837 (11th Cir. 1985) (interpreting *Woods* as holding that the "doctrines of res judicata and estoppel by judgment are applicable to awards of the State Board of Workmen's Compensation on all questions of fact in matters in which it has jurisdiction"). "A party seeking to invoke res judicata on the basis of a prior judgment must establish three prerequisites: (1) identity of parties, (2) identity of the causes of action, and (3) ***adjudication on the merits by a court of competent jurisdiction in which the parties had a full and fair opportunity to litigate the relevant issues***." *Akin v. PAFEC Ltd.*, 991 F.2d 1550, 1556 (11th Cir. 1993) (applying Georgia law).

Sovereign immunity is a jurisdictional issue. *State v. Fed. Def. Program, Inc.*, 315 Ga. 319, 327 (2022). The Georgia Constitution waives sovereign immunity "for actions in the superior court seeking declaratory relief from acts of the state or any agency, authority, branch,

board, bureau, commission, department, office, or public corporation of this state or officer or employee thereof or any county, consolidated government, or municipality of this state or officer or employee thereof outside the scope of lawful authority or in violation of the laws or the Constitution of this state or the Constitution of the United States." Ga. Const. art. I, § 2, ¶ V.[1] "Actions filed pursuant to this Paragraph" must be filed "***exclusively against the state and in the name of the State of Georgia***," and any action "filed pursuant to this Paragraph naming as a defendant any individual, officer, or entity other than as expressly authorized under this Paragraph ***shall be dismissed***." Ga. Const. art. I, § 2, ¶ V(b) (2) (emphases added).

Had Mr. Pye attempted to bring an equal protection or due process claim in his state court action, he would have had to rely on this waiver of sovereign immunity. But this would have been futile, as the waiver applies only to suits exclusively against the State and not any other defendants. *E.g.*, *State v. SASS Grp., LLC*, 315 Ga. 893, 904 (2023); *2200 Atlanta Invs., LLC v. DeKalb Cnty.*, 369 Ga. App. 537, 539 (2023) ("Sovereign immunity is not merely a defense to the merits of an action, but raises the issue of the trial court's subject matter jurisdiction to try the case.").

Recent opinions by the Supreme Court of Georgia interpreting this waiver of sovereign immunity confirm that any suits in Georgia state court seeking declaratory relief for constitutional violations can be brought *solely* against the state of Georgia. In *SASS Group, LLC*, the Supreme Court of Georgia held that "if a lawsuit is filed against the State pursuant to Paragraph V and that suit includes an independent claim against another party not specified in

---

[1] The Georgia Constitution also separately waives sovereign immunity for actions asserting breach of a written contract. Ga. Const. art. I, § 2, ¶ IX. It is this waiver of sovereign immunity on which Mr. Pye relied to bring his breach-of-contract claim. This waiver is broader than (and does not include the same procedural intricacies as) the waiver for constitutional claims that would have applied to an equal protection or due process claim.

that paragraph's waiver provision, then the ***entire lawsuit must be dismissed***." 315 Ga. at 904 (emphasis added). Then in *Lovell v. Raffensperger*, the Supreme Court of Georgia affirmed the dismissal of actions brought against the Secretary of the State of Georgia in his official capacity, local boards of election, and their board members on sovereign immunity grounds because the action did not "name as a defendant only the State of Georgia (or the relevant local government)." 897 S.E.2d 440, 444 (Ga. 2024). The court was clear that "actions filed pursuant to Paragraph V must name as a defendant only the State of Georgia (or the relevant local government) or the action shall be dismissed." *Id.*

Mr. Pye brought his breach-of-contract claim against the State and Christopher M. Carr, in his official capacity as Attorney General of the State of Georgia, in state court. He named both the State and the Attorney General as defendants in that action because those are the parties to the contract at issue in that case. He could do so because the Georgia Constitution waives sovereign immunity for breach-of-contract actions against the State or its departments and agencies, including the Attorney General. Ga. Const. art. I, § 2, ¶ IX. But if Mr. Pye had asserted his equal protection and due process claims in that same action, the state court would have no jurisdiction to consider those claims because the Attorney General was named as a defendant and the waiver of sovereign immunity for constitutional claims therefore would not apply. *See Bd. of Regents of Univ. Sys. of Georgia v. Myers*, 295 Ga. 843, 845 (2014) ("If the ante litem notice requirements are not met, then the State does not waive sovereign immunity, and therefore, the trial court lacks subject matter jurisdiction."). Not only would the trial court have lacked jurisdiction over Mr. Pye's constitutional claims, the entire action—including his contract claim—would have been dismissed. *See Lovell*, 897 S.E.2d at 444; *SASS Grp., LLC*, 315 Ga. at

904. And if the entire lawsuit was dismissed, Mr. Pye would have been deprived of the opportunity to pursue his breach of contract claim.

Importantly, Mr. Pye had to include the Attorney General as a defendant to his breach-of-contract claim because the Attorney General was party to the contract at issue. *See Fed. Def. Program, Inc.*, 315 Ga. at 340 (holding that Beth Burton, the Deputy Attorney General of the Criminal Justice Division, "had the authority to contract on behalf of the Attorney General and the State in this instance"); *id.* at 321 (quoting the contract at issue, which was drafted by Burton and states that "[o]ur office [i.e., the Attorney General's office] will not pursue an execution warrant from the District Attorney in the below defined cases . . . ."). If he had only asserted his breach-of-contract claim against the State (which is what he would have been required to do in order for the trial court to also have jurisdiction over his equal protection and due process claims), Mr. Pye could not have obtained complete relief on his breach-of-contract claim because one of the parties to the contract—the Attorney General—would not have been subject to any ruling by the court.

In sum, Mr. Pye's breach-of-contract action was brought against the Attorney General and the State of Georgia. The trial court would have lacked jurisdiction to consider any constitutional claims raised in that action because the waiver of Georgia's sovereign immunity for constitutional claims does not apply in cases that name any defendant besides the State of Georgia. Because Pye's equal protection and due process claims could not have been adjudicated in his state court action, res judicata does not apply.

                                                Sincerely,

                                                Nathan Potek
                                                Georgia Bar No. 747921
                                                Attorney for Willie James Pye

cc:     Sabrina Graham