# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-10793

_____

WILLIE JAMES PYE,

                                                    Plaintiff-Appellant,

*versus*

COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF GEORGIA,
STATE BOARD OF PARDONS AND PAROLES,
WARDEN, GEORGIA DIAGNOSTIC AND CLASSIFICATION PRISON

                                                   Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:24-cv-00048-TCB

_____

Before WILLIAM PRYOR, Chief Judge, and WILSON and JILL PRYOR, Circuit Judges.

BY THE COURT:

Willie James Pye is incarcerated in Georgia under a death sentence; the State of Georgia has scheduled his execution for March 20, 2024, at 7:00 p.m. He has moved in this Court for a stay of his execution, which we deny for the reasons below.

On March 11, 2024, Mr. Pye brought this action under 42 U.S.C. § 1983, arguing that the State violated his rights to due process and equal protection. His claims stem from the fact that the State scheduled his execution despite an agreement between the Attorney General and the state's capital defense bar, including his lawyers, not to execute a class of death-row prisoners while certain conditions related to the COVID-19 pandemic remained.[1] Alongside his complaint, Mr. Pye moved for a stay of execution. The

---

[1] Mr. Pye sued the Commissioner of the Georgia Department of Corrections, Tyrone Oliver; the Attorney General of the State of Georgia, Christopher Carr; and the Warden of the Georgia Diagnostic and Classification Prison, Shawn Emmons, all in their official capacities. He also sued the State Board of Pardons and Paroles. For ease of reference, we call these parties collectively "the State."

State moved to dismiss the complaint for failure to state a claim. On March 15, 2024, the district court denied Mr. Pye's motion for a stay and granted the State's motion to dismiss. He has appealed and moved this Court for a stay of execution pending appeal.

This action is not, however, the only challenge Mr. Pye has lodged to his execution warrant based on the agreement between the Attorney General and the capital defense bar. On March 5, 2024, before he filed his federal complaint, Mr. Pye filed a breach of contract action in the Superior Court of Fulton County, Georgia. In his complaint, he alleged that he is a third-party beneficiary of the agreement and that the State's procurement of a warrant for his execution before certain conditions set forth in the agreement were satisfied constituted a breach. Alongside his complaint Mr. Pye filed a motion for an interlocutory injunction and temporary restraining order. The State moved to dismiss the action. After a hearing, on March 13, 2024, the superior court granted the State's motion and denied Mr. Pye's. Mr. Pye also sought review of that order, and on March 18, 2024—while Mr. Pye's § 1983 appeal was pending in this Court—the Georgia Supreme Court denied his application for discretionary appeal.

After the Georgia Supreme Court denied Pye's application for discretionary review, we requested supplemental letter briefs from the parties on whether the doctrine of res judicata barred his claims.

Mr. Pye is entitled to a stay of his execution only if he can show that (1) he has a "substantial likelihood of success on the

merits" of his appeal; (2) he "will suffer irreparable injury" absent a stay; (3) the stay "would not substantially harm" the State; and (4) the stay "would not be adverse to the public interest." *Barwick v. Governor of Florida*, 66 F.4th 896, 900 (11th Cir. 2023) (citing *Bowles v. DeSantis*, 934 F.3d 1230, 1238 (11th Cir. 2019)). The first of these is the most critical, and if he cannot make the substantial-likelihood-of-success showing, it is unnecessary to proceed through the remainder of the analysis. *Barber v. Governor of Alabama*, 73 F.4th 1306, 1317 (11th Cir. 2023).

We conclude that Mr. Pye cannot demonstrate that he is substantially likely to prevail on the meris of his appeal because he has previously litigated a claim arising out of the agreement in state court, and res judicata likely bars his federal complaint.

When we consider "whether to give *res judicata* effect to a state court judgment, we must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." *Muhammad v. Sec'y, Fla. Dep't of Corr.*, 739 F.3d 683, 688 (11th Cir. 2014) (internal quotation marks omitted). Here, that law is Georgia's. Georgia law provides that that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law *might have been put in issue* in the cause wherein the judgment was rendered." O.C.G.A. § 9-12-40 (emphasis added). In Georgia, res judicata bars a subsequent action when three prerequisites are satisfied: "(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous

adjudication on the merits by a court of competent jurisdiction." *Coen v. CDC Software Corp.*, 816 S.E.2d 670, 675 (Ga. 2018).

Here, there is no doubt that the two lawsuits involved the same parties or their privies. And the superior court order dismissing Mr. Pye's complaint, which the Georgia Supreme Court declined to review, qualifies as an adjudication on the merits by a court of competent jurisdiction. We thus focus our attention on whether the two lawsuits involved identical causes of action.

Under Georgia law, for res judicata, "cause of action" refers to the "entire set of facts which give rise to an enforceable claim" with a "focus on the wrong that is asserted." *Id.* at 671 (internal quotation marks omitted). The Georgia Supreme Court has cautioned that "'causes of action' should not be conflated with theories of recovery," and "just because the theory of recovery is different in consecutive lawsuits does not automatically mean that there is no identity of cause of action." *Id.* at 674 n.7; *see also Dashtpeyma v. Walker*, 859 S.E.2d 799, 801–02 (Ga. Ct. App. 2021) (concluding that res judicata barred a second action, even though the first action alleged defamation and libel and the second action also alleged fraud, because "the same set of facts gave rise to the wrong asserted in both causes of action").

Here, Mr. Pye's federal and state lawsuits both arise out of the same operative facts and the same alleged wrong. In his state-court complaint, the wrong asserted was the State's issuance of a warrant for his execution. The operative facts that gave rise to this claim were that the State entered into an agreement with other

death-row prisoners identifying conditions that had to be satisfied before the State could resume executions and then sought a warrant for Mr. Pye before all the conditions had been met. In this case, Mr. Pye's complaint identifies the same operative facts as giving rise to his constitutional claims and seeks relief for the same wrongful act.

It is true that Mr. Pye has relied on different theories for why he is entitled to relief—bringing a breach of contract claim as a third-party beneficiary in state court and constitutional equal protection and due process claims in this action. In the breach of contract action, Mr. Pye's theory was that under state contract law he should be treated as party to the agreement. Here, by contrast, Mr. Pye's theories hinge on the fact that he is not a party to the agreement. But just because he has relied on different theories of relief "does not automatically mean that there is no identity of cause of action." *Coen*, 816 S.E.2d at 674 n.7. After carefully considering Georgia law, we conclude that it is substantially likely that the lawsuits involved the same cause of action.

In his supplemental brief, Mr. Pye argues that res judicata does not apply because his § 1983 claims "could not have been adjudicated in his state-court action." He says that the state courts would have lacked jurisdiction over his federal constitutional claims due to sovereign immunity. He contends that he was able to bring his breach-of-contract claim against the state Attorney General because Georgia has waived its sovereign immunity for breach-of-contract claims. *See* Ga. Const. art. I, § 2, ¶ 9(c). He

24-10793               Order of the Court                    7

asserts that the state court would have lacked jurisdiction over his § 1983 claims, however, because Georgia has not waived its sovereign immunity for these claims. *See* Ga. Const. art. I, § 2 ¶ 5.

We reject Mr. Pye's argument. It is well-established that a litigant may bring a § 1983 claim against a state officer in state court. *See Howlett ex rel. Howlett v. Rose*, 496 U.S. 356, 358 (1990). Moreover, as the United States Supreme Court has recognized, in such actions a state-law defense of sovereign immunity is available to a defendant only when such a defense would have been available if the action had been brought in a federal forum. *See id.* at 359, 369–72. And an immunity defense was unavailable to the Attorney General in Mr. Pye's § 1983 action for injunctive relief in federal court. *See Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999) ("Under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), . . . there is a long and well-recognized exception to [Eleventh Amendment immunity for claims against state officials] for suits . . . seeking prospective equitable relief to end continuing violations of federal law." (emphasis omitted)).

Because res judicata likely bars Mr. Pye's claim in this action, we cannot say that he is substantially likely to succeed on the merits of this appeal, and thus he is not entitled to a stay of his execution.

The motion for a stay of execution is DENIED.